## WOLFF v. WOLFF.

### No. 15,417; September 26, 1894.

37 Pac. 858.

**Divorce—Alimony—Printing and Counsel Fees.**—An order by the judge who tried a divorce case, granting $100 printer's fees and $250 counsel fee on a pending appeal from a judgment in favor of the wife, and a contemplated appeal from an order denying a new trial, will not be reversed as excessive.

**Divorce—Order for Counsel Fee on Appeal.**—In an action for divorce, an order granting a counsel fee for an appeal from an order denying a new trial, made before such appeal is taken, will not be reversed as premature where, on the hearing of the appeal from the order granting such allowance, it appears that an appeal from the order denying a new trial is pending.

APPEAL from Superior Court, City and County of San Francisco; Charles W. Slack, Judge.

Action for divorce by Lillie Wolff against Henry Wolff. From an order granting an allowance for counsel fees and disbursements, defendant appeals. Affirmed.

Fox & Kellogg for appellant; W. H. L. Barnes (W. W. Foote of counsel) for respondent.

PER CURIAM.—This is an appeal from an order made after judgment in a divorce case allowing alimony. The affidavit, among other things, states that the case has been tried, and judgment rendered for plaintiff; that an appeal had already been taken from the judgment, and a motion for a new trial had been made and denied; and that defendant contemplated an appeal from such order. Thereupon, the court allowed as alimony for the two appeals: For printing, $100; for counsel fees, $250. The affidavit also shows that, although alimony had been previously allowed to the amount of $1,700, only $250 had been paid; that plaintiff was destitute of means. It is contended that the allowance is excessive, but we cannot so conclude. The judge who made the order had tried the case, and was fully aware of the nature of the controversy.

How much printing would be required would depend upon this. It would have been more prudent to forbear making an allowance for the second appeal until after it had been taken, but our records show that the appeal from the order denying a new trial was taken afterward. We do not think the order should be reversed because the provision for this was premature. The order is affirmed.